## CARNEY v. CHAPMAN ET AL.

### ERROR TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.

No. 281.    Argued May 1, 1918.—Decided May 20, 1918.

The construction of an act of Congress may be involved by impiica-
tion so as to present a federal question.

Evidence that, notwithstanding a tribal law of 1876 directing that mar-
riages be solemnized by judge or preacher; it was customary among
the Chickasaws to disregard such ceremonies, with evidence that
two Indians held themselves out as man and wife and were reputed
married, *held* enough to warrant a finding of marriage contracted
under the tribal customs, within the meaning of the Act of Congress
of May 2, 1890, ratifying marriages theretofore contracted under the
laws or tribal customs of Indian nations of the Indian Territory.

158 Pac. Rep. 1125, affirmed.

THE case is stated in the opinion.

*Mr. Kirby Fitzpatrick* for plaintiff in error.

*Mr. W. C. Duncan* for defendants in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit by the defendant in error J. C. Chapman
to recover possession of certain land and to have his title
quieted against the claims of Lottie Carney, the plaintiff
in error, and of the Albersons, the other defendants in
error.   The right of possession is immaterial now, but there
was a judgment quieting the title of the plaintiff against
the above named parties which was affirmed by the Su-
preme Court of the State and in which error is alleged by
Lottie Carney.   The land was allotted to John Alberson,
a Chickasaw Indian, who was averred by the plaintiff to

be the lawful son of Charles Puller, a Chickasaw, and Louisa James, an Indian woman. She died and later Alberson died leaving Puller his sole heir, if Puller was married as alleged. Puller conveyed to the plaintiff. The defendants denied the marriage and if they were right Lottie Carney is Alberson's heir.

If any federal question is presented in the case it arises under the Act of Congress of May 2, 1890, c. 182, § 38, 26 Stat. 81, 98, by which all marriages theretofore "contracted under the laws or tribal customs of any Indian nation" located in the Indian Territory are declared valid. The date of the supposed marriage was in 1887 and therefore if it complied with the terms of the act it was validated if not valid before. The plaintiff in error, after asking instructions as to what constituted a common law marriage that were given in substance, asked for another that a common law marriage was not recognized by the Chickasaws and that a marriage of Chickasaws without a compliance with their laws was void. Taking all the requests for rulings and the rulings together we are inclined to agree with the Court below that common law marriage and marriage under the customs of the tribe were used as equivalent phrases and to assume in favor of the plaintiff in error that the request means that a marriage of Chickasaws although in accord with their customs was invalid under a Chickasaw Act of October 12, 1876, unless solemnized by a judge or ordained preacher of the Gospel. This assumption would seem to carry with it the implication that the act of Congress did not validate a marriage in accordance with still prevailing custom if no judge or preacher added his sanction, and so to ask a construction of that act that, again by implication, was refused.

In this somewhat remote way a federal question is opened, but it cannot profit the plaintiff in error. There was some evidence that Charles Puller and Louisa James held themselves out as man and wife and were reputed

married. There was evidence also that it was customary to disregard solemnization before a judge or preacher. It would be going somewhat far to construe the Chick-asaw statute as purporting to invalidate marriages not so solemnized. The act of Congress made valid marriages under either custom or law. Whatever may be the requisites to satisfy that act the above mentioned evidence warranted a finding that they had been complied with, as is expressly provided by statute for the case of a marriage of a white man with an Indian woman. Act of August 9, 1888, c. 818, § 3, 25 Stat. 392. The reason for the rule is stronger here.

*Judgment affirmed.*